UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \* \* \*

HOWARD ELLIS, )
) 3:07-cv-00059-LRH-RAM
        Plaintiff, )
) ORDER
vs. )
)
DR. MARSHA JOHNS, et al., )
)
        Defendants. )
)

      Before the court is Plaintiff's Motion to Vacate Order (#21[1]). Defendants have opposed Plaintiff's Motion to Vacate Order (#22) and Plaintiff has replied (#24). Plaintiff has also filed a motion for appointment and the assistance of counsel (#21) in conjunction with his Motion to Vacate.

      The court entered a dismissal of this action (#19) on October 5, 2007, following receipt of a letter from Plaintiff requesting the dismissal dated September 11, 2007. Plaintiff subsequently filed a motion to vacate the dismissal, which was hand dated by him on December 16, 2007, and was received and filed by the Court Clerk on January 4, 2008. His motion to vacate is based upon Fed. R. Civ. P. 60(b), which sets forth six grounds upon which relief may be granted:

    (1)    mistake, inadvertence, surprise, or excusable neglect;

    (2)    newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

    (3)    Fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

---

[1] Refers to the court's docket number.

1   (4) the judgment is void;

2   (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

4   (6) any other reason that justifies relief.

The first five grounds are not applicable to Plaintiff's case and the sixth ground "any other reason that justifies relief" is essentially a "catch-all" category that is reserved for extraordinary circumstances. *Delay v. Gordon*, 475 F.3d 1039, 1044-45 (9th Cir. 2007).

  Movant has not set forth any extraordinary grounds beyond his control to support granting relief. It appears to the court that movant knowingly and voluntarily filed a request with the court to dismiss his case. That request was granted by the court and sometime afterward, Plaintiff changed his mind. No explanation or showing has been made to indicate why his request to dismiss was precipitous or not a knowing and voluntary request.

  Seeking relief under Fed. R. Civ. P. 60(b) also generally requires the presence of circumstances beyond the movant's control that prevented timely action to protect his interests. The burden of proof rests upon the movant. Movant's motion has not been filed in a timely fashion. It appears that it followed the court's dismissal of this action by well over two (2) months.

  GOOD CAUSE APPEARING, Plaintiff's Motion to Vacate (#21) is DENIED.

  Plaintiff's Motion to Vacate (#21) has been neither complex nor difficult to present to the court. Plaintiff has not made a showing that appointment of counsel is warranted and his motion in that regard is DENIED.

  DATED this 2nd day of July, 2008.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE